Clerk's Office
Filed Date: 9/30/2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TRUSTEES OF THE PAVERS AND ROAD
BUILDERS DISTRICT COUNCIL WELFARE,
PENSION, AND ANNUITY FUNDS, and
TRUSTEES OF THE LOCAL 1010
APPRENTICESHIP, SKILL IMPROVEMENT,
AND TRAINING FUND,

           Plaintiffs,

  -against-

ATLANTIC STEEL SOLUTIONS, LLC,

           Defendant.
-------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
21-cv-2518 (CBA) (JRC)

**AMON, United States District Judge:**

On May 6, 2021, Plaintiffs (i) Trustees of the Pavers and Road Builder District Council Welfare, Pension, and Annuity Funds, and (ii) Trustees of the Local 1010 Apprenticeship, Skill Improvement, and Training Fund (collectively, "Plaintiffs") filed suit against Atlantic Steel Solutions, LLC ("Defendant"). Plaintiffs brought this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. (See ECF Docket Entry ("D.E.") # 9.) Plaintiffs seek to recover actual and estimated delinquent employer contributions, union assessments, and dues check-offs from Defendant, plus accrued interest, liquidated damages, audit costs, attorney's fees, and post-judgment interest. (Id. ¶ 32.)

Since the commencement of this litigation, Defendant has failed to make an appearance or otherwise respond to the complaint. On June 2, 2021, Plaintiffs submitted a request for a default, which the Clerk of the Court granted on June 8, 2021. (D.E. ## 7, 8.) On June 25, 2021, Plaintiffs filed an amended complaint, changing only the name of the plaintiffs but otherwise seeking the identical monetary damages amount under the same claims. (D.E. # 9.) On July 21, 2021,

Plaintiffs again submitted a request for a default, which the Clerk of the Court again granted on July 27, 2021. (D.E. ## 13, 14.)

On September 2, 2021, Plaintiffs moved for a default judgment against Defendant, (D.E. # 15), and I referred that motion to the Honorable James R. Cho, United States Magistrate Judge, for report and recommendation. On September 15, 2022, Magistrate Judge Cho issued a report and recommendation. (D.E. # 24 ("R&R").)

In his R&R, Magistrate Judge Cho recommended granting Plaintiffs' motion for default judgment on the merits of the ERISA and LMRA claims. However, he identified several errors with Plaintiffs' damages calculations. Specifically, he found that Plaintiffs over-calculated the actual delinquent payment by $63.86, (see id. at 9-15), and possibly under-calculated the estimated delinquent payment by $3,746.91,[1] (see id. at 17-19). Accordingly, he recommended awarding Plaintiffs only the portion of the damages that is error free, denying the remainder, but giving Plaintiffs an opportunity to address the discrepancies set forth in the R&R. (Id. at 27.)

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). No party has objected to the R&R, and the time for doing so has passed. After reviewing the record and finding no clear error, I adopt the R&R in full. Therefore, I grant Plaintiffs' motion for default judgment on the merits of their

---

[1] This number is calculated by adding the three recalculated figures in the R&R ($61,750.25 + $1,356.80 + $5,837.48 = $68,944.53), (see R&R 19), and subtracting from Plaintiffs' initial request ($55,300.95 + $3,081.85 + $1,284.72 + $5,530.10 = $65,197.62), (see D.E. # 20 ("Pl. Mem.") at 16).

ERISA and LMRA claims. Additionally, I grant in part and deny in part Plaintiffs' request for damages and award the following relief:

- $2,090 in audit fees and costs;
- $5,889.28 in attorney's fees;
- Post-judgment interest in an amount to be calculated by the Clerk of Court pursuant to 28 U.S.C. § 1961(a).

The following relief is denied without prejudice:

- Plaintiffs' request for actual delinquent contributions, union assessments, and dues check-offs, plus interest and liquidated damages;
- Additional interest on actual delinquent payments from July 30, 2021 to the date of judgment;
- Plaintiffs' request for estimated delinquent contributions, union assessments, and dues check-offs for the period of January 2021 to May 2021, plus interest and liquidated damages;
- Additional interest on estimated delinquent payments from July 30, 2021 to the date of judgment.

Plaintiffs shall have fifteen (15) days to file supplemental briefing on the damages calculation.

SO ORDERED.

Dated: September 30, 2022
      Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge